**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SYLVIA BENAVIDES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 1:20-cv-1218** |
| **v.** | § | |
| | § | |
| **TEXAS DEPARTMENT OF** | § | **JURY TRIAL DEMANDED** |
| **FAMILY AND PROTECTIVE** | § | |
| **SERVICES** | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

Plaintiff SYLVIA BENAVIDES ("Plaintiff"), by and through her attorneys, brings this

action for damages and other legal and equitable relief from Defendant, TEXAS DEPARTMENT

OF FAMILY AND PROTECTIVE SERVICES ("Defendant" or "TDFPS"), for violations of the

Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12101, *et seq*., the Texas

Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any

other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      This is an action brought by Plaintiff seeking damages from Defendant for acts of

discrimination. Defendant's acts are in violation of Title I of the ADA, the Texas Employment

Discrimination Act, and any other cause(s) of action that can be inferred from the facts set forth

herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which

1

confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended, and (iii) 42 U.S.C. §§ 1981 *et seq*., as amended.

3.      The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4.      This action is authorized and instituted pursuant to § 107(a) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## PARTIES

5.      Plaintiff is a person who has been aggrieved by Defendant's actions. She is a resident of Denton County, Texas and during her employment with Defendant was a resident of Tarrant County, Texas.

6.      At all relevant times, Plaintiff was Defendant's employee and covered by the ADA and the TLC.

7.      Texas Department of Family and Protective Services is a state employer headquartered in the state of Texas and has an office at 701 W. 51st Street, Austin, TX  78751. TDFPS has at least 15 employees.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

8.     Plaintiff, who has herein alleged claims pursuant to the ADA, has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

9.     Plaintiff received her Notice of Right to Sue from the EEOC prior to the filing of this Complaint. On or around September 16, 2020, the EEOC mailed Plaintiff her Notice of Right to Sue.

## STATEMENT OF FACTS

10.     Sylvia Benavides, Plaintiff, was hired by the Defendant, Texas Department of Family and Protective Services ("TDFPS" or "Defendant") as a CPS Special Investigations Investigator IV on or about June 30, 2008.

11.     In June 2016, Sylvia Benavides was injured in an auto accident involving an18-wheel truck on her way to a court hearing, pursuant to her job duties at TDFPS.  She sustained serious injuries including  right side occipital nerve damage to her neck and Post-Traumatic Stress Disorder.  After a period of sick leave, she returned to her job in September 2016.

12.      In June 2017, Ms. Benavides was told by Defendant that she could no longer perform her job.  As a result, she submitted a written request for a reasonable accommodation by Defendant, including but not limited modified job duties.

13.     Ms. Benavides desired and sought an accommodation that would keep her on the job.

14.     Defendant failed to engage in an interactive process as required under the ADA to consider her for accommodations in her current position.

15.     Instead, the only action taken by Defendant to purportedly accommodate her was to invite her to compete with other employees to be reassigned to available other positions. Plaintiff applied to jobs that paid a far lower salary than her Investigator IV position.

16.     When she was not selected for the reassignment positions, she was terminated based on her disability and due to Defendant's failure to accommodate her disability.

17.     Defendant's requiring Plaintiff to compete with other employees for reassignment did not constitute a good faith effort at accommodation under the ADA.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
## TITLE I OF THE ADA
### (Failure to Accommodate)

18.     At all relevant times, Plaintiff was a qualified individual under the ADA employed by Defendant and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

19.     At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

20.     Defendant failed to reasonably accommodate Plaintiff's disabilities in violation of Title I of the ADA, 42 U.S.C. § 12112 (b)(5)(A) and 42 U.S.C. § 12111(9), leading to and causing her termination by Defendant in violation of the ADA.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
## TITLE I OF THE ADA
### (Discriminatory Discharge)

21.     At all relevant times, Plaintiff has been a qualified individual under the ADA employed by Defendant and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

22.     At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

23.     Defendant terminated the Plaintiff based on her disabilities in violation of Title I of the ADA, 42 U.S.C. § 12112(a).

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Disparate Treatment Discrimination on Account of Disability)**

24.     At all relevant times, Plaintiff has been a qualified individual with a disability under the Texas Employment Discrimination Act and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

25.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq*., as Defendant has terminated Plaintiff 's employment based on disability. Tex.Lab. Code § 21.051.

26.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Failure to Accommodate Disability)**

27.     At all relevant times, Plaintiff has been a qualified individual with a disability under the Texas Employment Discrimination Act and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.128, as Defendant has failed to reasonably accommodate the Plaintiff's disabilities, leading to and causing her termination by Defendant.  Tex. Lab. Code §21.051.

29.     Plaintiff's requests for relief are set forth below.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the ADA, 42 U.S.C. 12111, *et seq.*

B. All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Defendant's discriminatory practices, and for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses such as humiliation and embarrassment.

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious and reckless conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of reasonable accommodation for all decisionmakers in this case;

I. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination including but not limited to disability discrimination;

J. Active monitoring of the work areas to ensure compliance with discrimination policies;

K. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: December 14, 2020

Respectfully submitted,


*/s/ Holt Major Lackey*
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas  78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262