IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SYLVIA BENAVIDES,<br>*Plaintiff,*<br><br>v.<br><br>TEXAS DEPARTMENT OF FAMILY AND<br>PROTECTIVE SERVICES,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:20-C-V-1218-RP |

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES'**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Texas Department of Family and Protective Services ("DFPS") files this Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and respectfully shows the Court the following:

**INTRODUCTION**

DFPS employed Benavides from approximately June 30, 2008, until her termination on December 14, 2017. Dkt. 12 ¶¶ 8, 14. In her Second Amended Complaint, Benavides alleges two claims under Section 504 of the Rehabilitation Act: failure to accommodate and discriminatory discharge. *Id.* ¶¶ 16-20. Benavides fails to state a claim upon which relief can be granted because she fails to allege sufficient facts that she has a disability under the Rehabilitation Act, that DFPS failed to accommodate her, or that DFPS discriminated against her solely based on a disability. Therefore, the Court should dismiss Benavides' Second Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted as explained below.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

## ARGUMENTS AND AUTHORITIES

### I. Benavides Fails to State Plausible Claims Under Section 504 of the Rehabilitation Act

#### A. Benavides must allege sufficient facts that DFPS discriminated against her *solely* because of a disability.

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *see also Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 291 (5th Cir. 2005) (the purpose of section 504, like that of Title II of the ADA, is to eliminate discrimination against individuals with disabilities). A qualified individual is defined as "a handicapped individual who meets eligibility requirements relevant to the receipt of services provided in the program or activity." 29 C.F.R. § 32.3 (implementing the Rehabilitation Act).

"To qualify for relief under the Rehabilitation Act, a plaintiff must prove that (1) [she] is an 'individual with a disability'; (2) who is "otherwise qualified"; (3) who worked for a "program or activity receiving Federal financial assistance"; and (4) that she was discriminated against 'solely by

reason of her or his disability.'" *Hileman v. City of Dallas,* 115 F.3d 352, 353 (5th Cir. 1997) (quoting 29 U.S.C. § 794(a)).

"The proper question to be asked in a Rehabilitation Act claim is whether the discrimination took place 'solely because of' the disability." *Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 505 (5th Cir. 2002); *see also Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008).

### B. Benavides fails to plead sufficient facts that she is disabled under the Rehabilitation Act.

For purposes of the Rehabilitation Act, a disability is defined, in pertinent part, as "a physical or mental impairment that substantially limits one or more major life activities of such individual." *See* 29 U.S.C. § 705(20)(B) (incorporating, for purposes of Section 504 of the Rehabilitation Act, the definition of "disability" that applies to the ADA, 42 U.S.C. § 12102).

Benavides alleges that in June 2016 she was in a car accident and sustained "right side occipital nerve damage to her neck and Post-Traumatic Stress Disorder." Dkt. 12 ¶ 9. Following a period of sick leave, she returned to her job duties in September 2016 and worked at DFPS until her termination in June 2017. *Id.* ¶¶ 9-10. Benavides mentions these two conditions she allegedly sustained in June 2016, but alleges no facts about any mental or physical impairments that would allow the Court to draw the reasonable inference that she is considered disabled for the purposes of the Rehabilitation Act. *See Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1051 (5th Cir. 1998); *Carter v. Ridge*, 255 F. App'x 826, 830-31 (5th Cir. 2007). Specifically, she makes no factual allegations that any mental or physical impairment substantially limited one or more of her major life activities or affected her work performance. So, the Court should dismiss Benavides' lawsuit in its entirety for failure to state a plausible claim under Section 504 of the Rehabilitation Act because she did not plead sufficient facts that she is disabled.

### C. Benavides fails to allege sufficient facts that DFPS failed to accommodate her.

Benavides alleges that DFPS failed to accommodate her by not hiring her into another position. Dkt. 12 ¶¶ 10-15. In a reasonable accommodation case, the ADA and Rehabilitation Act are virtually indistinguishable. *See Pinkerton,* 529 F.3d at 516. The ADA and Rehabilitation Act prohibit discrimination on the basis of disability and require reasonable accommodations, but do not require an employer to take affirmative action in favor of people with disabilities or to create a new job for them. *Smith v. Shinseki*, 716 F. Supp. 2d 556, 566 (S.D. Tex. 2009).

Benavides' Second Amended Complaint shows that DFPS engaged with her in the interactive process by helping her identify other positions she could perform and inviting her to apply for those positions. Dkt. 12 ¶ 13. Benavides alleges that she applied for other positions at DFPS, but she was not selected for those positions. *Id.* ¶ 14. DFPS was not required to take affirmative action in the hiring process in favor of Benavides or create a new job for her. *See Smith*, 716 F. Supp. 2d 566. Therefore, Benavides' Second Amended Complaint does not plead a plausible cause of action under Section 504 of the Rehabilitation Act for failure to accommodate; instead, she shows that DFPS did accommodate her, but she was not selected for a new position in the competitive process.

### D. Benavides fails to plead sufficient facts that DFPS discriminated against her *solely* based on a disability.

Benavides' allegations do not draw the reasonable inference that DFPS terminated her *solely because* she has a disability. Benavides pleads that "she was terminated based on her disability" after she was not selected for reassignment positions. Dkt. 12 ¶ 14. But Benavides does not allege any specific facts to support this legal conclusion that DFPS violated Section 504 under the Rehabilitation Act's solely because of a disability—as explained above, Benavides fails to plead that she even has a disability. *See* Dkt. 12. Benavides pleads no factual allegations that DFPS terminated her *solely because of* a disability so she fails to state a plausible discriminatory discharge cause of action under Section

504 of the Rehabilitation Act. *See Pinkerton*, 529 F.3d at 516.

## CONCLUSION

For the reasons explained above, DFPS respectfully requests the Court grant its Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and for any further such relief to which DFPS may be justly entitled.

Date: August 26, 2021

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

/s/ *Brian A. Aslin*
**BRIAN A. ASLIN**
Assistant Attorney General
General Litigation Division
Texas Bar No. 24106850
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4196
Facsimile: (512) 320-0667
brian.aslin@oag.texas.gov

**COUNSEL FOR DEFENDANT**

# CERTIFICATE OF FILING AND SERVICE

On August 26, 2021, the undersigned attorney filed the foregoing document with the Clerk of the Court for the Western District of Texas and served a true and correct copy of the foregoing to all counsel of record in compliance with the Federal Rules of Civil Procedure.

**HOLT MAJOR LACKEY**
Texas State Bar No. 24047763
hlackey@equalrights.law
**JAY D. ELLWANGER**
Texas State Bar No. 24036522
jellwanger@equalrights.law
ELLWANGER LAW LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**COUNSEL FOR PLAINTIFF**

/s/ *Brian A. Aslin*
**BRIAN A. ASLIN**
Assistant Attorney General