**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SYLVIA BENAVIDES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 1:20-cv-1218** |
| **v.** | § | |
| | § | |
| **TEXAS DEPARTMENT OF** | § | **JURY TRIAL DEMANDED** |
| **FAMILY AND PROTECTIVE** | § | |
| **SERVICES** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff SYLVIA BENAVIDES ("Plaintiff"), by and through her attorneys, files this Response to Defendant TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES' ("Defendant" or "TDFPS") Motion to Dismiss (the "Motion") (Dkt. No. 16) the Plaintiff's Second Amended Complaint (Dkt. No. 12). Plaintiff respectfully requests that Defendant's Motion be denied.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff filed her First Amended Complaint on March 15, 2021, seeking damages from Defendant for acts of disability discrimination under Title I and II of the ADA; the Rehabilitation Act; and the Texas Employment Discrimination Act. (Dkt. No. 6). Defendant filed a Motion to Dismiss in response to Plaintiff's First Amended Complaint on March 25, 2021 (Dkt. No. 8) arguing that Plaintiff's claims should be dismissed because the Court lacks subject matter jurisdiction over all of Plaintiff's claims. (Dkt. No. 6).

The Court granted Defendant's Motion to Dismiss Plaintiff's claims under the ADA. (Dkt.

No. 11). However, the Court rejected Defendant's arguments regarding Plaintiff's claims under the Rehabilitation Act and granted Plaintiff's request for leave to amend her complaint due to a typographical error inadvertently citing section 503 of the Rehabilitation Act instead of section 504 in one portion of the First Amended Complaint.  By denying Defendant's Motion to dismiss these claims and granting leave to amend, the Court specifically found that "Defendant was aware that Benavides intended to bring a claim under Section 504 of the Rehabilitation Act since it refers to Benavides's typographical error in its own motion to dismiss and Benavides included Section 504 in her complaint, albeit in the wrong cause of action." (Dkt. 11, at p. 7).

Plaintiff then filed her Second Amended Complaint on August 13, 2021 (Dkt. No. 6) only seeking damages from Defendant for acts of disability discrimination under the Rehabilitation Act. Defendant has now filed another Motion to Dismiss, arguing for the first time that Plaintiff's Rehabilitation Act claims should be dismissed on their merits. (Dkt. No. 16).  Even though Defendant "was aware" that Plaintiff was bringing forth these claims, Defendant failed to raise these arguments in its previous Motion.  Defendant's failure to bring forth these arguments in an efficient manner in their previous motions is burdensome to the Court and all parties involved. Regardless of their lack of timeliness, Defendant's arguments fail and therefore Defendant's Motion should be denied.

## II.     STANDARD OF REVIEW

"Motions to dismiss under FED. R. CIV. P. 12(b)(6) are viewed with disfavor and are rarely granted." *City of San Antonio v. Time Warner Cable Texas, LLC*, 2018 WL 6588564 at *2 (W.D. Tex. 2018); *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981)). "Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be

granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear 'beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief.'" *Tinoco v. Raleeh*, 2006 WL 27287 (E.D. Tex. Jan. 5, 2006) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Thus, in order "to survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief— including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, a complaint must only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570); *U.S. Bank Nat. Ass'n v. Denning*, 2015 WL 5308195 at *2 (W.D. Tex. 2015) (denying defendant's motion to dismiss). "Sufficient procedures are available to defendants to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support her complaint." *Tinoco*, 2006 WL 27287 at *1.

## III.   LEGAL ARGUMENT

Plaintiff has adequately pled each of the elements of her claim for discrimination under the Rehabilitation Act. Defendant's arguments for dismissal are not based upon the Plaintiff's pleaded facts, but upon their dispute with the facts as pled by Plaintiff. None of these arguments are appropriate on a motion to dismiss.  Tellingly, only one of Defendant's cited cases (cited for a basic premise of the law) is even relevant to a motion to dismiss.[1] The cases Defendant cites for

---

[1] *Pace v. Bogalusa City Sch. Bd.,* 403 F.3d 272 (5th Cir. 2005).

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTON TO DISMISS**

the merits of their arguments are all cases ruling on motions for summary judgment,[2] or even appeals after a jury has reached its verdict.[3]

To establish a prima face case under the Rehabilitation Act, a plaintiff must plead that: (1) she was an individual with handicaps; (2) she was otherwise qualified; (3) she worked for a program or activity that received federal financial assistance; and (4) she was treated adversely solely because of her handicap. *Burciaga v. West*, 996 F.Supp. 628, 634 (W.D. Tex. 1998). Further, having a handicap is defined as having a physical or mental impairment which substantially limits one or more of such person's major life activities, or is regarded as having such an impairment. *Id.; see also* 45 C.F.R. § 84.3. Plaintiff has sufficiently pled a case of discrimination under the Rehabilitation Act.

Notably, Plaintiff is not required to plead a prima facie case in order to survive a 12(b)(6) motion to dismiss. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); *see also Alvarez v. Esper*, 2018 WL 3717116 at *6 (W.D. Tex. 2018) (denying defendant's motion to dismiss plaintiff's Rehabilitation Act claim and stating that a plaintiff need not make out a prima facie case in order to survive a 12(b)(6) motion to dismiss). A prima facie case is an "evidentiary standard" and not a "pleading standard." *Raj*, 714 F.3d at 331. All that is required at this stage is that Plaintiff has pled "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570). Plaintiff has met this burden for each of Defendant's

---

[2] *See Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047 (5th Cir. 1998); *Smith v. Shinseki*, 716 F.Supp.2d 556, 566 (S.D. 2009); *Carter v. Ridge*, 255 F. App'x 826 (5th Cir. 2007);
[3] *Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500 (5th Cir. 2002); *Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008).

arguments below, and therefore, Defendant's Motion should be denied.

> **A.** __Plaintiff Has Sufficiently Pleaded That She is Disabled Under the Rehabilitation Act__

Defendant claims that Plaintiff's plead allegations that she sustained "right side occipital nerve damage to her neck and Post-Traumatic Stress Disorder" ("PTSD") are insufficient to claim that she is disabled. (Dkt. No. 16 at p. 3). This argument fails for several reasons.

First, Plaintiff must only plead that either (1) she suffers from a handicap that limits her one or more of her life activities or (2) that she is regarded as having such an impairment. *Burciaga*, 996 F. Supp. at 634 (emphasis added).  Plaintiff has met this burden both (1) by alleging that she suffers from both nerve damage and PTSD, a recognized disability, and (2) that "she was told by Defendant that she could no longer perform her job," thereby regarded by Defendant as having a disability. (Dkt. No. 16 at p. 3). Therefore, Plaintiff has sufficiently pled that she is disabled for purposes of the Rehabilitation Act by stating "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

Indeed, whether an individual is disabled under the statute "is ordinarily a question of fact." *Atomancyzk v. Texas Dep't of Crim. Just.*, 2021 WL 2915030 at *6 (S.D. Tex. 2021) (denying summary judgment on issue of whether or not plaintiff was disabled under the law) (citing *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 805-806 (5th Cir. 1997) and *Kemp v. Holder*, 610 F.3d 231, 234-235 (5th Cir. 2010)); *see also Dugger v. Stephen F. Austin State Univ.*, 232 F.Supp.3d 938, 955 (E.D. Tex. 2017) (stating that "whether a person's physical or mental condition substantially limits one or more major life activities is a question of fact for the jury.") This is not a pleading issue, but an evidentiary factual issue. This is especially true when the disability is PTSD. *See e.g., Tullos v. City of Nassau Bay*, 2005 WL 1385828 (5th Cir. 2005) (finding that after

a jury trial there was sufficient evidence for the jury to conclude that the plaintiff's PTSD rendered him disabled for purposes of the ADA).

Plaintiff alleged facts that she suffered from nerve damage and PTSD and that Defendant refused to allow her to return to work.  This is sufficient, and Defendant's motion fails. *See e.g., Mesa v. City of San Antonio*, 2017 WL 5924263 at \*4 (W.D. Tex. 2017) (denying defendant's motion to dismiss where plaintiff pled that he was not permitted to return to work because his employer viewed him as suffering from a physical impairment.)

### B.      Plaintiff Has Sufficiently Pleaded That Defendant Discriminated Against Her Solely Because of Her Disability

Defendant further claims that Plaintiff's allegation that she was "terminated based on her disability" somehow does not meet the requirement that she was terminated <u>solely</u> based upon her disability. (Dkt. No. 16 at p. 4).  Defendant's argument is essentially that because Plaintiff did not include the word "solely" in her statement, that the entirety of her claims should be dismissed.  This is unreasonable and flies in the face of the pleading standard.[4]

In support of their argument, Defendant only refers to two cases – both of which were brought after a jury trial. *See Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500 (5th Cir. 2002) (plaintiff appealing the court's grant of judgment as a matter of law); *Pinkerton v. Spellings,* 529 F.3d 513, 516 (5th Cir. 2008) (plaintiff appealing the substance of the jury charge after the jury reached its verdict for the defendant).  Neither of these cases is relevant to the pleading standard regarding § 504.

A plaintiff need not plead a prima facie case to survive a motion to dismiss. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534

---

[4] However, even if the Court agrees Defendant's argument, Plaintiff has requested leave to amend her complaint, and will include the term "solely" in her allegation. *See infra,* at p. 9.

U.S. 506, 510 (2002) ("The prima facie case ... is an evidentiary standard, not a pleading requirement.")). Whether the discrimination is based upon Plaintiff's disability "may or may not be borne out through discovery;…may or may not be decided later by dispositive motion or at trial." *Dotson v. Bexar Cty. Hosp. Dist.*, 2019 WL 6311375 at \*8 (W.D. Tex. 2019).

Plaintiff specifically pleaded that "she was terminated based on her disability and due to Defendant's failure to accommodate her disability." (Dkt. No. 12 at ¶ 14).  This is more than sufficient to "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Indeed, one court when faced with the same argument from a defendant looked to the fact that given "that there was no mention in the complaint of any causes other than 'the extent and severity of her disabilities,'. . . the facts pled provide the defendant with clear notice about the plaintiff's claims regarding causation." *See Alston et al., v. District of Columbia*, 561 F. Supp.2d 29, 39 (D.C. 2008).

## C. Plaintiff Has Sufficiently Plead that Defendant Failed to Reasonably Accommodate Her

Lastly, Defendant argues that Plaintiff failed to allege sufficient facts that Defendant failed to accommodate her, and that her applying for other positions was a sufficient engagement in the interactive process. (Dkt. No. 16 at p. 4). This argument also fails, and is, once again, premature. "Notably, whether an employer has failed to interact in good faith and thus failed to reasonably accommodate a plaintiff is a question of fact, one that can preclude summary judgment." *Hacker v. Cain*, 2016 WL 3167176 at \*12 (M.D. La. 2016).  In fact, Defendant's sole case in support of their argument is a case appealing a grant of summary judgment. *See e.g., Smith v. Shinseki*, 716 F.Supp.2d 556 (S.D. Tex. 2009) (affirming grant of summary judgment).

Plaintiff specifically pleaded that she "desired and sought an accommodation that would

keep her on the job" and that "Defendant failed to engage in an interactive process as required by law to consider her for accommodations in her current position." (Dkt. No. 12 at ¶¶ 11, 12). Further, Plaintiff alleges that she competed with other employees to be reassigned to other positions paying far less than her position, and when she was not selected, she was terminated based upon her disability and Defendant's failure to accommodate her. (Dkt. No. 12 at ¶¶ 13, 14). This is more than sufficient "to state a claim to relief that is plausible on its face" and therefore to withstand Defendant's Motion. *See Denning*, 2015 WL 5308915 at 2.

However, Defendant argues that it was not required to take any affirmative action in the hiring process to assist Plaintiff. (Dkt. No. 16 at p. 4). Not only is whether the parties engaged in the interactive process not a threshold pleading issue, but Defendant's argument is also misleading. While it is true that the Rehabilitation Act and the ADA do not require that a defendant create an entirely new job for an employee, the definition of a reasonable accommodation "includes such actions as transferring an employee to a vacant position." *Smith* 716 F.Supp.2d at 569. The Supreme Court has opined on this issue and stated that "preferences will sometimes prove necessary to achieve the Act's basic equal opportunity goal." *See U.S. Airways v. Barnett,* 535 U.S. 391 (2002) (holding that preferences including reassigning a disabled employee to a new position may be necessary to accommodate a disabled employee).

Taking Plaintiff's factual allegations as true, Plaintiff has pled a failure to accommodate, and Defendant's motion should be denied. *See e.g., Navarro v. VIA Metropolitan Transit*, 2019 WL 542034 at *6 (W.D. Tex. 2019) (denying defendant's motion to dismiss and finding that plaintiff's allegation that he was disabled, and that defendant failed to reasonably accommodate him and terminated him, were "sufficient facts in support of his failure to accommodate and retaliation claim.")

**D.**     **If the Court Grants Defendant's Motion, Plaintiff Should Be Granted Leave to Amend**

In the event this Court determines Plaintiff has failed to properly state a claim upon which relief may be granted and thereby moves to grant Defendant's Motion, the dismissal should be without prejudice, and Plaintiff should be granted leave to amend.  Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given when justice so requires and should be granted absent some justification for refusal. *Forman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962). This decision is within the "sound discretion" of the district court, but the request should not be denied under Rule 15(a) unless there is a substantial reason to do so." *Mailing and Shipping Systems, Inc. v. Neopost USA, Inc*., 292 F.R.D. 369, 376 (W.D. Tex. 2013); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). As a matter of equity, Rule 15(a) favors giving leave to amend. *See Iron Oak Technologies, LLC v. Dell, Inc.*, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018); *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). Allowing Plaintiff to file an amended complaint would serve justice and promote judicial efficiency. Further, there would be no substantial or undue hardship, prejudice, bad faith, undue delay, or futility by granting Plaintiff leave to amend.

**IV.**     **CONCLUSION**

For the reasons explained above, Plaintiff respectfully requests that the Court deny Defendant's Motion, or in the alternative, grant Plaintiff leave to file an amended complaint.

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTON TO DISMISS**

Dated: September 9, 2021                    Respectfully submitted,

                                            */s/ Holt Major Lackey*
                                            Holt Major Lackey
                                            Texas State Bar No. 24047763
                                            hlackey@equalrights.law
                                            Jay D. Ellwanger
                                            Texas State Bar No. 24036522
                                            jellwanger@equalrights.law
                                            Ellwanger Law LLLP
                                            8310-1 N. Capital of Texas Hwy.
                                            Suite 190
                                            Austin, Texas 78731
                                            Telephone: (737) 808-2260
                                            Facsimile: (737) 808-2262

**PLAINTIFF'S RESPONSE TO
                                            DEFENDANT'S MOTON TO DISMISS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2021, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Holt M. Lackey*
Holt M. Lackey

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTON TO DISMISS**