IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SYLVIA BENAVIDES,<br>*Plaintiff,*<br><br>v.<br><br>TEXAS DEPARTMENT OF FAMILY AND<br>PROTECTIVE SERVICES,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:20-C-V-1218-RP |

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Benavides' Response to DFPS' Motion to Dismiss her Second Amended Complaint raises four main issues that DFPS will address in the order presented by Benavides and explain that: (1) Benavides did not plead sufficient facts to allege she is disabled; (2) Benavides did not plead sufficient facts that DFPS discriminated against her solely because of a disability; (3) Benavides did not plead sufficient facts that DFPS failed to reasonably accommodate her; and (4) the Court should not grant Benavides leave to amend her complaint any further.

As explained here and in DFPS' Motion to Dismiss Plaintiff's Second Amended Complaint, the Court should dismiss Benavides' lawsuit in its entirely with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Dkt. 16.

**I.    Benavides did not plead sufficient facts to allege she is disabled.**

Benavides claims she pleaded sufficient facts that she is disabled because she alleged she had "right side occipital nerve damage to her neck and Post-Traumatic Stress Disorder" and that "she was told by [DFPS] that she could no longer perform her job." Dkt. 17 at 5-6. Neither of these allegations allow the Court to draw the reasonable inference that Benavides is disabled under the Rehabilitation Act. *See* 29 U.S.C. § 705(20)(B); *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1051 (5th Cir. 1998); *Carter*

*v. Ridge*, 255 F. App'x 826, 830-31 (5th Cir. 2007).

First, Benavides does not allege that her nerve damage or PTSD substantially limited one or more of her major life activities. *See* 42 U.S.C. § 12102. In fact, she alleges that after her car accident in June of 2016, she took approximately three months of sick leave, returned to work in September of 2016, then worked another nine months before DFPS allegedly told her she could no longer perform her job in June of 2017. Dkt. 12 ¶ 9-10. DFPS terminated Benavides in December of 2017, three months after DFPS allegedly told her she could no longer perform her job. Benavides' Second Amended Complaint simply makes the conclusory allegation that she suffered from nerve damage and PTSD in June 2016—she does not allege that she suffered from these conditions in June 2017 or December 2017, or that these conditions limited one or more of her major life activities because, based on her pleadings, she worked for DFPS without issue for nine months after she returned to work after taking leave following her accident.

Second, Benavides never alleges that DFPS regarded her as having a disability. She argues that "she was told by [DFPS] that she could no longer perform her job," but never alleges that DFPS told her she couldn't do her job *because* of her nerve damage or PTSD in June 2017.

Therefore, Benavides has failed to plead sufficient facts that she is disabled under the Rehabilitation Act.

## II. Benavides did not plead sufficient facts that DFPS discriminated against her *solely* because of a disability.

To survive DFPS' Motion to Dismiss her Second Amended Complaint, Benavides does not have to make a prima facie case, but she must plead sufficient facts on all the ultimate elements to make her case plausible. *Ybarra v. Texas Health & Hum. Servs. Comm'n*, No. CV B-17-174, 2018 WL 3949972, at *10 (S.D. Tex. June 13, 2018), *report and recommendation adopted*, No. 1:17-CV-174, 2018 WL 3933486 (S.D. Tex. Aug. 16, 2018), *aff'd*, 773 F. App'x 222 (5th Cir. 2019). "To qualify for relief under

the Rehabilitation Act, [Benavides] must prove that (1) [she] is an 'individual with a disability'; (2) who is "otherwise qualified"; (3) who worked for a "program or activity receiving Federal financial assistance"; and (4) that she was discriminated against 'solely by reason of her or his disability.'" *Hileman v. City of Dallas,* 115 F.3d 352, 353 (5th Cir. 1997) (quoting 29 U.S.C. § 794(a)).

Here, Benavides responds that her threadbare allegation that she was "terminated based on her disability" is enough to allege a claim under the Rehabilitation Act. Dkt. 17 at 6-7. This is a conclusory allegation the Court cannot accept as true. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In her Second Amended Complaint, Benavides pleads *zero* facts to state a claim that she was discriminated against solely because of a disability—an ultimate element in a Rehabilitation Act case. *See* Dkt. 12 ¶¶ 8-15. Consequently, Benavides fails to state a claim for disability discrimination under the Rehabilitation Act.

**III.     Benavides did not plead sufficient facts that DFPS failed to reasonably accommodate her.**

Benavides asserts that her allegations that she "desired and sought an accommodation that would keep her on the job" and that "[DFPS] failed to engage in an interactive process as required by law to consider her for accommodations in her current position" are sufficient to plead a plausible failure to accommodate claim under the Rehabilitation Act. Dkt. 17 at 7-8. These allegations do not plead a plausible claim under the Rehabilitation Act.

First, the allegation that Benavides "desired and sought an accommodation that would keep her on the job" does not allege that DFPS failed to reasonably accommodate her—it just alleges that she sought an accommodation, but does not allege why she needed an accommodation or what kind of accommodation she wanted from DFPS. Benavides' Second Amended Complaint further alleges that DFPS engaged her in the interactive process to accommodate her by helping her identify other positions she could perform and inviting her to apply for those positions. Dkt. 12 ¶ 13.

Second, the allegation that "[DFPS] failed to engage in an interactive process as required by law to consider [Benavides] for accommodations in her current position" is a legal conclusion unsupported by any other pleaded facts and the Court cannot accept it as true. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Benavides does not plead what accommodations she asked for and what DFPS' response was to any such requests.

So, Benavides fails to allege a plausible claim for failure to accommodate under the Rehabilitation Act.

### IV. The Court should not grant Benavides leave to amend any further.

The Court can—and should in Benavides' case—deny a motion to amend because it is futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). Futility in this context means that the amended complaint would fail to state a claim upon which relief could be granted applying the standard of legal sufficiency under Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). In this case, Benavides has had three chances to plead a viable case and has failed to do so each time. A fourth complaint would no doubt result in a fourth motion to dismiss because DFPS did not discriminate against or fail to accommodate Benavides in any way.

### CONCLUSION

DFPS respectfully requests the Court grant its Motion to Dismiss Plaintiff's Second Amended Complaint, and for any further such relief to which DFPS is entitled to.

Date: September 14, 2021

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN

Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

/s/ *Brian A. Aslin*
**BRIAN A. ASLIN**
Assistant Attorney General
General Litigation Division
Texas Bar No. 24106850
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4196
Facsimile: (512) 320-0667
brian.aslin@oag.texas.gov

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF FILING AND SERVICE**

On September 14, 2021, the undersigned attorney filed the foregoing document with the Clerk of the Court for the Western District of Texas and served a true and correct copy of the foregoing to all counsel of record in compliance with the Federal Rules of Civil Procedure.

**HOLT MAJOR LACKEY**
Texas State Bar No. 24047763
hlackey@equalrights.law
**JAY D. ELLWANGER**
Texas State Bar No. 24036522
jellwanger@equalrights.law
ELLWANGER LAW LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

/s/ *Brian A. Aslin*
BRIAN A. ASLIN
Assistant Attorney General