UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SYLVIA BENAVIDES,<br>*Plaintiff*<br><br>v.<br><br>TEXAS DEPARTMENT OF FAMILY<br>AND PROTECTIVE SERVICES,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil No. 1:20-cv-1218-RP |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
    UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Texas Department of Family and Protective Services' Motion to Dismiss Plaintiff's Second Amended Complaint, filed August 26, 2021 (Dkt. 16); Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, filed September 9, 2021 (Dkt. 17); and Defendant's Reply, filed September 14, 2021 (Dkt. 18). On November 2, 2021, the District Court referred the Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  General Background

Plaintiff Sylvia Benavides was hired by Defendant Texas Department of Family and Protective Services ("DFPS") as an investigator for Child Protective Services on June 30, 2008. Second Amended Complaint, Dkt. 12 ¶ 8. In June 2016, Benavides was injured in an auto accident involving an 18-wheeler truck on her way to a court hearing pursuant to her job duties. *Id.* ¶ 9. Benavides "sustained serious injuries including right side occipital nerve damage to her neck and

Post-Traumatic Stress Disorder." *Id.* After a period of sick leave, she returned to work in September 2016. *Id.*

Benavides alleges that in June 2017, DFPS told her "that she could no longer perform her job." *Id.* ¶ 10. Benavides submitted a written request for an accommodation, including but not limited to modified job duties. *Id.* She alleges that DFPS "failed to engage in an interactive process as required by law to consider her for accommodations in her current position" and did not make the required good faith effort at accommodation. *Id.* ¶¶ 12, 15. Benavides further alleges that DFPS invited her to compete with other employees to be reassigned to other available positions and that she applied for jobs paying less than her investigator position, but was not selected. *Id.* ¶ 13. Benavides alleges that she was terminated on December 14, 2017 "based on her disability and due to Defendant's failure to accommodate her disability." *Id.* ¶ 14; Dkt. 16 at 1.

Benavides exhausted her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue on September 16, 2020. Dkt. 12 ¶¶ 6-7. She filed this lawsuit on December 14, 2020. Dkt. 1. Benavides asserts claims for failure to accommodate and discriminatory discharge under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and seeks monetary and injunctive relief. DFPS moves to dismiss Benavides' Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.  Legal Standards

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.

2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

    **B. Rehabilitation Act**

The Rehabilitation Act prohibits discrimination on the basis of disability by recipients of federal funds. *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 n.5 (5th Cir. 2009). Section 504 of the Act, 29 U.S.C. § 794(a), provides that: "No otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." To recover under the Rehabilitation Act, a plaintiff generally must prove that (1) she is an individual with a disability; (2) who is otherwise qualified; (3) who worked for a program or activity receiving Federal financial assistance; and (4) that she was discriminated against "solely by reason of her or

his disability." *Navarro v. VIA Metro. Transit*, No. SA-18-CV-00724-FB, 2019 WL 542034, at *5 (W.D. Tex. Feb. 8, 2019), *R. & R. adopted*, 2019 WL 1313460 (W.D. Tex. Mar. 5, 2019) (quoting *Hileman v. City of Dallas, Tex.*, 115 F.3d 352, 353 (5th Cir. 1997)).

### III. Analysis

DFPS contends that Benavides' claims should be dismissed because she has failed to plead sufficient facts that (1) she is disabled under the Rehabilitation Act, (2) DFPS failed to reasonably accommodate her, and (3) DFPS discriminated against her solely because of a disability. The Court considers each of these arguments.

**A. Plaintiff Has Not Sufficiently Pled that She Is Disabled**

"Whether a plaintiff is disabled under the [Rehabilitation Act] is not a demanding question." *Karns v. McDonough*, --- F. Supp. 3d ----, No. 1:19-CV-1201-DAE, 2022 WL 178595, at *8 (W.D. Tex. Jan. 18, 2022) (quoting *Epley v. Gonzalez*, 860 F. App'x 310, 313 (5th Cir. 2021)) (footnote omitted). Rather, as relevant here, a disability for purposes of the Rehabilitation Act is "a physical or mental impairment that substantially limits one or more major life activities." *Silva v. Chertoff*, 512 F. Supp. 2d 792, 813 (W.D. Tex. 2007). An employee can also show that she "is regarded as having such an impairment." *Id.* at 814.

DFPS argues that Benavides "makes no factual allegations that any mental or physical impairment substantially limited one or more of her major life activities or affected her work performance." Dkt. 16 at 3. Benavides responds that she "has met this burden both (1) by alleging that she suffers from both nerve damage and PTSD, a recognized disability, and (2) that 'she was told by Defendant that she could no longer perform her job,' thereby regarded by Defendant as having a disability." Dkt. 17 at 5.

The Court finds that Benavides' pleading that she has "right side occipital nerve damage to her neck and Post-Traumatic Stress Disorder," Dkt. 12 ¶ 9, provides insufficient facts to state a claim

4

that she has "a physical or mental impairment that substantially limits one or more major life activities." *Cf. Carter v. Ridge*, 255 F. App'x 826, 829 (5th Cir. 2007) (stating that plaintiff did not raise fact issue "as to whether his PTSD substantially limits his ability to work"). Nor does her allegation that DFPS told Benavides "that she could no longer perform her job" clearly state a claim that she was "regarded as" suffering from a disability by DFPS. *Id.* ¶ 10.

Accordingly, because Benavides has insufficiently pled that she is disabled under the Rehabilitation Act, the undersigned Magistrate Judge recommends that the District Court grant DFPS' motion to dismiss the Second Amended Complaint for failure to state a claim. However, because the Court recommends that Benavides be granted leave to amend, the Court also addresses DFPS' remaining arguments.

### B. Plaintiff Sufficiently Pleads that DFPS Failed to Reasonably Accommodate Her

Generally, to prevail on a failure to accommodate claim, a plaintiff must establish that (1) she is a qualified individual with a disability, (2) the disability and its consequential limitations were known by the covered employer, and (3) the employer failed to make a reasonable accommodation for such known limitations. *Mesa v. City of San Antonio*, No. SA-17-CA-654-XR, 2017 WL 5924263, at *4 (W.D. Tex. Nov. 29, 2017) (citing *Feist v. La., Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013)).

DFPS contends that Benavides fails to allege why she needed an accommodation, what kind of accommodation she sought, or what DFPS' response was to any such requests. Indeed, DFPS argues that "Benavides' Second Amended Complaint shows that DFPS engaged with her in the interactive process by helping her identify other positions she could perform and inviting her to apply for those positions." Dkt. 16 at 4 (citing Dkt. 12 ¶ 13). Benavides responds that DFPS' arguments are premature, and that "whether an employer has failed to interact in good faith and

thus failed to reasonably accommodate a plaintiff is a question of fact." Dkt. 17 at 7 (quoting *Hacker v. Cain*, No. 3:14-00063-JWD-EWD, 2016 WL 3167176, at *12 (M.D. La. June 6, 2016)).

Benavides alleges in her Second Amended Complaint that "she submitted a written request for a reasonable accommodation by Defendant, including but not limited [to] modified job duties," and that Defendant failed to make a good-faith effort to accommodate her disability. Dkt. 12 ¶¶ 10, 14-15. The Court finds that these allegations are sufficient to state a failure to accommodate claim at the motion to dismiss stage of this proceeding. *See Navarro*, 2019 WL 542034, at *6 (finding Plaintiff's pleading that defendant "fail[ed] to make reasonable accommodations" sufficient to survive motion to dismiss).

### C. Plaintiff Sufficiently Pleads that DFPS Discriminated Against Her Solely Because of a Disability

DFPS further contends that Benavides' Complaint should be dismissed because she has failed to plead that she was discriminated against ***solely*** because of a disability, an element of her case. *See Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008) (stating that the "solely by reason of" language of Section 504(a), 29 U.S.C. § 794(a), is the correct standard for determining whether a violation of Section 504 has occurred). Although DFPS is correct that Benavides does not use the word "solely" in her Second Amended Complaint, the Court finds that Benavides has pled this element sufficiently by alleging that "she was terminated ***based on her disability*** and due to Defendant's failure to accommodate her disability." Dkt. 12 ¶ 14 (emphasis added).

### IV. Leave to Amend

Finally, Benavides asks that she be granted leave to amend should the Court determine that she has failed to properly state a claim on which relief may be granted. Dkt. 17 at 9. Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286

6

(5th Cir. 2002) (internal quotation marks omitted). "[A]bsent a substantial reason such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (cleaned up).

DFPS opposes further amendment as futile, stating: "Benavides has had three chances to plead a viable case and has failed to do so each time. A fourth complaint would no doubt result in a fourth motion to dismiss because DFPS did not discriminate against or fail to accommodate Benavides in any way." Dkt. 18 at 4.

Benavides, however, correctly points out that the instant Motion to Dismiss is the first to address the merits of her Rehabilitation Act claims. In her Original Complaint, Benavides alleged claims under the Americans with Disability Act and Chapter 21 of the Texas Labor Code. Dkt. 1. DFPS moved to dismiss for lack of subject matter jurisdiction, arguing that sovereign immunity barred all of her claims. Dkt. 5. Benavides then filed her First Amended Complaint, adding claims under the Rehabilitation Act, Dkt. 6, and the District Court mooted DFPS' first Motion to Dismiss by Text Order entered March 24, 2021. DFPS filed a second motion to dismiss, which the District Court granted in part and denied in part. Dkts. 8, 11. The District Court dismissed all of Benavides' claims except those for failure to accommodate and discriminatory discharge under the Rehabilitation Act, which she erroneously pled under Rehabilitation Act Section 503 instead of 504. Dkt. 11 at 7. The District Court granted Benavides leave to amend to correct the typographical error in those claims, which she re-alleged in the Second Amended Complaint.

Because neither DFPS nor the Court previously addressed the merits of Benavides' claims under the Rehabilitation Act, the undersigned Magistrate Judge recommends that the District Court permit Benavides a final opportunity to amend her complaint.

## V. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Texas Department of Family and Protective Services' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 16) and **GRANT** Plaintiff leave to file a third amended complaint.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 9, 2022.

                                                                SUSAN HIGHTOWER
                                                                 UNITED STATES MAGISTRATE JUDGE