**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SYLVIA BENAVIDES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 1:20-cv-1218** |
| **v.** | § | |
| | § | |
| **TEXAS DEPARTMENT OF** | § | **JURY TRIAL DEMANDED** |
| **FAMILY AND PROTECTIVE** | § | |
| **SERVICES** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT**

Plaintiff SYLVIA BENAVIDES ("Plaintiff"), by and through her attorneys, files this Response to Defendant TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES' ("Defendant" or "TDFPS") Motion to Dismiss (the "Motion") (Dkt. No. 40) the Plaintiff's Third Amended Complaint (Dkt. No. 33).

Two of the three arguments in the Motion have already been rejected by the Court in this case. The Court has already held that Plaintiff's Second Amended Complaint sufficiently plead that DFPS failed to reasonably accommodate her and that DFPS discriminated against her solely because of a disability.[1] Plaintiff's Third Amended Complaint includes the identical language that the Court previously held was sufficient on these points. Defendant's Motion should accordingly be denied again as to these arguments.

Defendant's Motion also raises one new argument: that Plaintiff was not qualified for the

---

[1] Feb. 9, 2022 Report and Recommendation of the United States Magistrate Judge (Dkt. No. 26) and Mar. 14, 2022 Order adopting same (Dkt. No. 30).

job in which Defendant employed her for nearly a decade, including for eight months after her disabilities presented. Not only is this a question of fact that Plaintiffs are not required to plead to survive a motion to dismiss,[2] but the fact that Ms. Benavides was qualified to continue in her job can easily be inferred from the Complaint. Defendant's Motion essentially asks the Court to render a pre-discovery conclusion of fact that a person with Ms. Benavides's disabilities could not do the job of a CPS Special Investigator. Because it is at least plausible from the face of the Third Amended Complaint that Plaintiff was qualified to remain in her decade-tenured job, Plaintiff respectfully requests that Defendant's Motion be denied.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff filed her First Amended Complaint on March 15, 2021, seeking damages from Defendant for acts of disability discrimination under Title I and II of the ADA; the Rehabilitation Act; and the Texas Employment Discrimination Act. (Dkt. No. 6). Defendant filed a Motion to Dismiss in response to Plaintiff's First Amended Complaint on March 25, 2021 (Dkt. No. 8) arguing that Plaintiff's claims should be dismissed because the Court lacks subject matter jurisdiction over all of Plaintiff's claims. (Dkt. No. 6).

The Court granted Defendant's Motion to Dismiss Plaintiff's claims under the ADA. (Dkt. No. 11). However, the Court rejected Defendant's arguments regarding Plaintiff's claims under the Rehabilitation Act and granted Plaintiff's request for leave to amend her complaint due to a typographical error inadvertently citing section 503 of the Rehabilitation Act instead of section 504 in one portion of the First Amended Complaint.  By denying Defendant's Motion to dismiss these claims and granting leave to amend, the Court specifically found that "Defendant was aware

---

[2] Defendant's cases in support of this argument are all at the summary judgment or post-judgment phase.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTON TO DISMISS**

that Benavides intended to bring a claim under Section 504 of the Rehabilitation Act since it refers to Benavides's typographical error in its own motion to dismiss and Benavides included Section 504 in her complaint, albeit in the wrong cause of action." (Dkt. No. 11, at p. 7).

Plaintiff then filed her Second Amended Complaint on August 13, 2021 (Dkt. No. 6) only seeking damages from Defendant for acts of disability discrimination under the Rehabilitation Act. Defendant then filed another Motion to Dismiss, arguing for the first time that Plaintiff's Rehabilitation Act claims should be dismissed on their merits. (Dkt. No. 16). The Magistrate Judge issued a Report and Recommendation recommending granting that motion in part, denying it in part, and granting Plaintiff leave to amend on February 9, 2022 (Dkt. No. 26), which the Court adopted in a March 14, 2022 Order (Dkt. No. 30).

Plaintiff filed her Third Amended Complaint on May 2, 2022 (Dkt. No. 33), and Defendant brought the present Motion to Dismiss on May 18, 2022 (Dkt. No. 40).

## II.   STANDARD OF REVIEW

"Motions to dismiss under FED. R. CIV. P. 12(b)(6) are viewed with disfavor and are rarely granted." *City of San Antonio v. Time Warner Cable Texas, LLC*, 2018 WL 6588564 at *2 (W.D. Tex. 2018); *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981)). In order "to survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

This standard does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Thus, a complaint

must only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570); *U.S. Bank Nat. Ass'n v. Denning*, 2015 WL 5308195 at *2 (W.D. Tex. 2015) (denying defendant's motion to dismiss).

## III.   LEGAL ARGUMENT

Plaintiff has adequately pled each of the elements of her claim for discrimination under the Rehabilitation Act. Defendant's arguments for dismissal are not based upon the Plaintiff's pleaded facts, but upon their dispute with the facts as pled by Plaintiff. None of these arguments are appropriate on a motion to dismiss. The cases cited by Defendant are thus again overwhelmingly in a summary judgment or post-judgment posture rather than at the motion to dismiss phase.

To establish a prima face case under the Rehabilitation Act, a plaintiff must plead that: (1) she was an individual with handicaps; (2) she was otherwise qualified; (3) she worked for a program or activity that received federal financial assistance; and (4) she was treated adversely solely because of her handicap. *Burciaga v. West*, 996 F.Supp. 628, 634 (W.D. Tex. 1998). Further, having a handicap is defined as having a physical or mental impairment which substantially limits one or more of such person's major life activities, or is regarded as having such an impairment. *Id.; see also* 45 C.F.R. § 84.3. Plaintiff has sufficiently plead a case of discrimination under the Rehabilitation Act.

Notably, Plaintiff is not required to plead a prima facie case in order to survive a 12(b)(6) motion to dismiss. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); *see also Alvarez v. Esper*, 2018 WL 3717116 at *6 (W.D. Tex. 2018) (denying defendant's motion to dismiss plaintiff's Rehabilitation Act claim and stating that a plaintiff need not make out a prima

facie case in order to survive a 12(b)(6) motion to dismiss). Establishing a *prima facie* case is an evidentiary standard, not a pleading requirement. *Raj*, 714 F.3d at 331. All that is required at this stage is that Plaintiff has pled "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570). Plaintiff has met this burden for each of Defendant's arguments below, and therefore, Defendant's Motion should be denied.

A.   **Plaintiff Has Sufficiently Pleaded That She is an Otherwise Qualified Individual Under the Rehabilitation Act**

The only argument in Defendant's Motion that has not been previously raised and rejected by the Court is that Plaintiff "is not an otherwise qualified individual." Defendant previously argued that Plaintiff's prior Complaints did not allege her disabilities in sufficient detail (*see* Dkt. No. 16 at p.3). The Court granted Defendant's previous Motion to Dismiss on that ground, but granted Plaintiff leave to amend (Dkt. Nos. 26 & 30). Accordingly, Plaintiff included ample detail regarding her disabilities in her Third Amended Complaint.

Defendant no longer argues that Plaintiff has not alleged a disability. Instead, Defendant now essentially argues that the Third Amended Complaint alleges her disabilities with *too much* detail such that a person with the disabilities Ms. Benavides pleads could not be an "otherwise qualified individual" capable of performing the essential functions of a CPS Special Investigator. Under Fifth Circuit law, "qualified individuals" are those "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Dorsey v. Boise Cascade Co.*, 611 F App'x 212, 213 (5th Cir. 2015) (citing 42 U.S.C. § 12111(8)). In light of the Motion's emphasis on the "with or without" language it is important to emphasize that the test is disjunctive and a person can be a qualified individual if they *either* can perform the essential functions of the job with an accommodation and/or without

one. *See*, *e.g.*, *Sapp v. Donohoe*, 539 F. App'x 590, 595 (5ᵗʰ Cir. 2013) (stating that a plaintiff is qualified for a job if either they could perform the essential functions of the job or "whether any reasonable accommodation by the employer would enable him to perform those functions.").

But whether Ms. Benavides can ultimately prove that she was an "otherwise qualified individual" is inherently a fact question not appropriate for a Motion to Dismiss. The inquiry at the 12(b)(6) phase is not whether Plaintiff should prevail on the merits, but rather whether Plaintiff has stated a plausible a claim. *Twombly*, 550 U.S. at 563 n.8 ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.")

Plaintiff is not required to establish a *prima facie* case to survive a motion to dismiss. *See Swierkiewicz*, 534 U.S. at 514-15. To survive a motion to dismiss, the Third Amended Complaint need only give Defendant fair notice of the basis of the discrimination claim. *Id.*; *see also EEOC v. K&L Auto Crushers, LLC*, No. 6:20-CV-455, 2021 WL 391313 (E.D. Tex., Feb. 1, 2021), *report and recommendation adopted*, 6:20-CV-455, 2021 WL 742875 (E.D. Tex. Feb. 25, 2021).

Nonetheless, the Third Amended Complaint pleads facts that plausibly suggest that she was qualified for the job she had been doing for nearly ten years, including for about eight months after the onset of her disabilities. (Dkt. No. 33 at ¶ 9). The Complaint states that "she returned to her job in September 2016"—after sustaining her injuries and suffering from Post-Traumatic Stress Disorder. (*Id.*)  She pleads that she "desired and sought an accommodation that would keep her on the job," which implicitly alleges that she was qualified to stay on the job (*Id.* at ¶ 25). She alleges that "Defendant failed to engage in an interactive process … to consider her for accommodations *in her current position*." (*Id.* at ¶ 26). Likewise, her allegation that Defendant's

PLAINTIFF'S RESPONSE TO
                                                                 DEFENDANT'S MOTON TO DISMISS

failure to interact regarding "accommodations other than a transfer" implicitly pleads that she was qualified for her position and could have continued to perform it with or without an accommodation. (*Id.* at ¶ 29). Repeated requests to work such as these "imply that [Plaintiff] believed that she could perform the essential functions of her job or that she could do so with an accommodation." *K&L Auto Crushers*, 2021 WL 391313 at *6.

Admittedly, the Third Amended Complaint does not include an explicit, formulaic recitation that "Ms. Benavides was an otherwise qualified individual within the meaning of the Rehabilitation Act," but no such conclusory recitations are required and the Third Amended Complaint is more than adequate to provide Defendant fair notice of Plaintiff's claims and the plausible grounds upon which they rest. *Swierkiewicz*, 534 U.S. at 514-15.

Rather than focusing on Plaintiff's actual pleadings, Defendant's Motion unabashedly asks the Court to adopt Defendant's view of this fact question, going so far as to list at length job requirements and qualifications that are extrinsic to Plaintiff's Third Amended Complaint. Defendant does not cite any cases in which a court dismissed a complaint on the grounds Defendant urges. Rather, the Motion relies on a number of summary judgment and post-judgment cases that have no bearing on the Rule 12(b)(6) inquiry.

Although Plaintiff is aware that this is her Third Amended Complaint, she must note that this is the first time Defendant has raised this argument regarding whether she is an "otherwise qualified individual." Accordingly, if the Court agrees that she needs to plead this allegation in more detail, Plaintiff respectfully requests that the Court give her an opportunity to amend her complaint once more to specifically allege that she was qualified to continue in the job. But, for the reasons stated above, Plaintiff respectfully urges that that should not be necessary, and Defendant's Motion should be denied.

**B.**     **Plaintiff Has Sufficiently Plead that Defendant Failed to Reasonably Accommodate Her**

Defendant again argues that Plaintiff failed to allege sufficient facts that Defendant failed to accommodate her. This argument still fails. This Court previously held that the Second Amended Complaint's allegation that "she submitted a written request for a reasonable accommodation by Defendant, including but not limited [to] modified job duties," and that Defendant failed to make a good-faith effort to accommodate her disability" was "sufficient to state a failure to accommodate claim at the motion to dismiss stage of this proceeding." (Dkt. No. 26 at 6; *adopted* at Dkt. No. 30). The Third Amended Complaint contains the same identical language. (Dkt. No. 33 at ¶¶ 24, 28-29). This Motion should thus be denied for the same reasons as Defendant's previous motion to dismiss.

Defendant's argument is still premature at the motion to dismiss phase. "Notably, whether an employer has failed to interact in good faith and thus failed to reasonably accommodate a plaintiff is a question of fact, one that can preclude summary judgment." *Hacker v. Cain*, 2016 WL 3167176 at *12 (M.D. La. 2016).  Defendant again relies solely on a case appealing a grant of summary judgment. *See e.g., Smith v. Shinseki*, 716 F.Supp.2d 556 (S.D. Tex. 2009) (affirming grant of summary judgment).

Defendant's argument that Plaintiff fails to allege that DFPS knew of her disability and its consequential limitation is likewise a fact question and appears to be based on the theory that Ms. Benavides and/or the Third Amended Complaint does not recite the phrase "consequential limitation," such that DFPS was allegedly not adequately informed of her disability. This is not only in tension with Defendant's argument elsewhere in the Motion that Ms. Benavides' disabilities were so manifest that she could not perform the essential functions of her job during the eight months she was employed after her disabilities arose, but it ignores language in the Third

Amended Complaint that makes clear that Ms. Benavides discussed her disabilities and their consequential limitations with Defendant on numerous occasions. The Third Amended Complaint alleges that she was "told by Defendant that she could no longer perform her job" due to the disabilities (Dkt. No. 33 at ¶ 24), that she "submitted a written request for a reasonable accommodation" due to the disabilities (*Id.*), that she "desired and sought an accommodation" (*Id.* at ¶ 25), that Defendant "purported[]" to try to accommodate her by invited her to apply for other jobs (*Id.* at ¶ 27), and that Defendant terminated her "based on her disability." (*Id. at* ¶ 28). These allegations are more than sufficient to plausibly suggest that Ms. Benavides informed Defendant of her limitations and that Defendant was aware of these limitations and acted on that awareness.

Taking Plaintiff's factual allegations as true, Plaintiff has plead a failure to accommodate, and Defendant's motion should be denied. *See e.g., Navarro v. VIA Metropolitan Transit*, 2019 WL 542034 at *6 (W.D. Tex. 2019) (denying defendant's motion to dismiss and finding that plaintiff's allegation that he was disabled, and that defendant failed to reasonably accommodate him and terminated him, were "sufficient facts in support of his failure to accommodate and retaliation claim."); *see also* Dkt. No. 26.

### C.   Plaintiff Has Sufficiently Pleaded That Defendant Discriminated Against Her Solely Because of Her Disability

Defendant likewise rehashes the rejected argument from its prior motion to dismiss that Plaintiff's allegation that she was "terminated based on her disability" does not meet the requirement that she was terminated solely based upon her disability. (Dkt. No. 40 at p. 7-8).

The Report and Recommendation adopted by the Court found that "Benavides has pled this element sufficiently by alleging that 'she was terminated ***based on her*** disability and due to Defendant's failure to accommodate her disability.'" (Dkt. No. 26 at 6, *adopted at* Dkt. No. 30). Again, the Third Amended Complaint contains this identical language. (Dkt. No. 33 at ¶ 28).

A plaintiff need not plead a prima facie case to survive a motion to dismiss. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case ... is an evidentiary standard, not a pleading requirement.")). Whether the discrimination is based upon Plaintiff's disability "may or may not be borne out through discovery; … may or may not be decided later by dispositive motion or at trial." *Dotson v. Bexar Cty. Hosp. Dist.*, 2019 WL 6311375 at *8 (W.D. Tex. 2019).

This Court was correct in its previous holding in this case that the "based on her disability" language is more than sufficient to "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Indeed, one court when faced with the same argument from a defendant looked to the fact that given "that there was no mention in the complaint of any causes other than 'the extent and severity of her disabilities,'. . . the facts pled provide the defendant with clear notice about the plaintiff's claims regarding causation." *See Alston et al., v. District of Columbia*, 561 F. Supp.2d 29, 39 (D.C. 2008).

**D.     If the Court Grants Defendant's Motion, Plaintiff Should Be Granted Leave to Amend**

In the event this Court determines Plaintiff has failed to properly state a claim upon which relief may be granted and accordingly grants Defendant's Motion, the dismissal should be without prejudice, and Plaintiff should be granted leave to amend.  Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given when justice so requires and should be granted absent some justification for refusal. *Forman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962). This decision is within the "sound discretion" of the district court, but the request should not be denied under Rule 15(a) unless there is a substantial reason to do so." *Mailing and Shipping Systems, Inc. v. Neopost USA, Inc*., 292 F.R.D. 369, 376 (W.D. Tex. 2013); *Leffall v. Dallas Indep.*

*Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). As a matter of equity, Rule 15(a) favors giving leave to amend. *See Iron Oak Technologies, LLC v. Dell, Inc.*, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018); *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002).

While the complaint has already been amended three times, the interests of justice would still favor allowing Plaintiff to file a further amended complaint rather than dismissing with prejudice based on Defendant's technical pleading arguments. As to Defendant's rehashed arguments about failure to accommodate and the omission of the word "solely," Plaintiff's reliance on the Court's prior holding that her allegations were adequate is reasonable. As to Defendant's new argument about whether Plaintiff was a qualified individual, Plaintiff has not had an opportunity to cure any potential defect, such that there would be no substantial or undue hardship, prejudice, bad faith, undue delay, or futility in granting Plaintiff leave to amend.

## IV.    CONCLUSION

For the reasons explained above, Plaintiff respectfully requests that the Court deny Defendant's Motion, or in the alternative, grant Plaintiff leave to file an amended complaint.


Dated: June 1, 2022                    Respectfully submitted,

                                        */s/ Holt Major Lackey*
                                        Holt Major Lackey
                                        Texas State Bar No. 24047763
                                        hlackey@equalrights.law
                                        Jay D. Ellwanger
                                        Texas State Bar No. 24036522
                                        jellwanger@equalrights.law
                                        Ellwanger Law LLLP
                                        8310-1 N. Capital of Texas Hwy.
                                        Suite 190
                                        Austin, Texas 78731
                                        Telephone: (737) 808-2260
                                        Facsimile: (737) 808-2262

### CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Holt M. Lackey*
Holt M. Lackey

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTON TO DISMISS**