IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SYLVIA BENAVIDES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-1218-RP |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is a motion to dismiss by Defendant Texas Department of Family and Protective Services ("Defendant"). (Dkt. 40).[1] Plaintiff Sylvia Benavides ("Plaintiff") filed a response, (Dkt. 41), and Defendant replied, (Dkt. 43). Having considered the parties' briefs, the record, and the relevant law, the Court will deny the motion.

**I. BACKGROUND**

Plaintiff alleges the following background facts. Plaintiff was hired by Defendant as a CPS Special Investigations Investigator on or about June 30, 2008. (3d. Am. Compl., Dkt. 33, at 3). In June 2016, Plaintiff was injured in an auto accident involving an 18-wheel truck on her way to a court hearing, pursuant to her job duties with Defendant. (*Id.*). She sustained serious injuries including right side occipital nerve damage to her neck and began experiencing post-traumatic stress. (*Id.*).

Plaintiff details her medical condition following this accident at length in an unredacted third amended complaint filed under seal. After her accident, Plaintiff took a period of sick leave and subsequently returned to her job in September 2016. (*Id.*). In June 2017, Defendant told Plaintiff

---

[1] Defendant also filed an unredacted motion to dismiss under seal, (Dkt. 38).

that she could no longer perform her job. (*Id.* at 5). Plaintiff then filed a written request for reasonable accommodations from Defendant, including modified job duties. (*Id.*). Plaintiff alleges that Defendant failed to engage in an interactive process as required by law to consider her for accommodations in her current position. (*Id.* at 6). She further alleges that Defendant only invited her to compete with other employees for reassignment for other positions. (*Id.*). Plaintiff suggests that Defendant could have allowed her a lower caseload, in line with her other coworkers, or granted her a job with a lower salary than the level she had been at.

Defendant did not reassign Plaintiff to another position. Instead, Defendant terminated Plaintiff's employment. (*Id.*). Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity and received a Notice of Right to Sue on September 16, 2020. Plaintiff then filed her first complaint in the instant case on December 14, 2020 alleging violations of the Rehabilitation Act, the Americans with Disabilities Act, and the Texas Labor Code. (Compl., Dkt. 1).

After Plaintiff amended her complaint, Defendant filed a motion to dismiss. (First Mot. Dismiss, Dkt. 8). The Court dismissed the claims brought under the Americans with Disabilities Act and Texas Labor Code but allowed Plaintiff to make an amended filing as to the Rehabilitation Act. (Order, Dkt. 11). Plaintiff then filed her second amended complaint on August 13, 2021. Defendant filed a renewed motion to dismiss. (Second Mot. Dismiss, Dkt. 16). The Court referred the motion to United States Magistrate Judge Susan Hightower for a report and recommendation. Adopting Judge Hightower's report, the Court granted Defendant's motion to dismiss on the grounds that Plaintiff had not sufficiently pled that she is disabled. (Order, Dkt. 30; R. & R., Dkt. 26). However, the Court granted Plaintiff leave to file a new amended complaint. (Order, Dkt. 30). The report and recommendation also noted that Plaintiff had sufficiently pled the remaining elements of a claim

under the Rehabilitation Act, but the Court did not reach this portion of the recommendation in its order. (Order, Dkt. 30; R. & R., Dkt. 26).

On April 18, 2022, Plaintiff filed her third amended complaint. (3d Am. Compl., Dkt. 33). Defendant again filed a motion to dismiss. (3d Mot. Dismiss, Dkt 40). In its motion, Defendant argues that Plaintiff is not a qualified individual because she has not pled that she can perform the essential functions of her job. (*Id.* at 4). Moreover, Defendant argues that Plaintiff has not sufficiently pled that the Defendants failed to accommodate her, and that Defendant was unaware of the limitations of her disability. (*Id.* at 5–6). Finally, Defendant argues that Plaintiff has not alleged that Defendant discriminated against her "solely" on the basis of her disability. (*Id.* at 7). Plaintiff filed a response on June 1, 2022. (Resp., Dkt. 41). Defendant filed a reply on June 8, 2022. (Reply, Dkt. 43).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 340 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 340. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

The Rehabilitation Act prohibits discrimination on the basis of disability by recipients of federal funds. *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 n.5 (5th Cir. 2009). Section 504 of the Act provides that: "No otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). To recover under the Rehabilitation Act, a plaintiff generally must prove that (1) she is an individual with a disability; (2) who is otherwise qualified; (3) who worked for a program or activity receiving federal financial assistance; and (4) that she was discriminated against "solely by reason of her or his disability." *Navarro v. VIA*

*Metro. Transit*, No. SA-18-CV-00724-FB, 2019 WL 542034, at *5 (W.D. Tex. Feb. 8, 2019), *R. & R. adopted*, 2019 WL 1313460 (W.D. Tex. Mar. 5, 2019) (quoting *Hileman v. City of Dallas, Tex.*, 115 F.3d 352, 353 (5th Cir. 1997)). However, a Plaintiff need not establish a prima facie case in order to survive the pleading stage. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)).

Defendant's motion pertains to three main defenses: (1) Plaintiff is not a qualified individual under the Rehabilitation Act, (2) Plaintiff has not sufficiently pled a failure to accommodate, and (3) Plaintiff has not alleged that Defendant discriminated against her "solely" on the basis of her disability. (3d. Mot. Dismiss, Dkt. 40). As the first two defenses are interrelated, the Court will discuss them together before turning to the third argument.

### A. Qualified Individual and Failure to Accommodate

Defendant argues that Plaintiff is not a qualified individual under the Rehabilitation Act because she cannot perform the essential functions of her job. (3d. Mot. Dismiss, Dkt. 40, at 2). Defendant also argues that they offered Plaintiff reasonable accommodations. (*Id.*). The EEOC defines "qualified individual" as one who "satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2. A function is "essential" if it bears "more than a marginal relationship" to the employee's job. *Chandler v. City of Dallas,* 2 F.3d 1405, 1393 (5th Cir.1993). The ADA and Rehabilitation Act define "reasonable accommodations" to include:

> [J]ob restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9)(B).

Defendant argues that Plaintiff fails to provide sufficient factual content to allow the Court to make a reasonable inference that she could perform the essential functions of a CPS Special Investigator. (3d. Mot. Dismiss, Dkt. 40, at 3). According to Defendant, these functions include investigating high-risk investigations, removing children from dangerous situations, working under time pressure, and talking about the sexual exploitation of children. (*Id.*). In response, Plaintiff argues that deciding the essential functions is inappropriate at the motion to dismiss stage because it involves questions of facts. (Resp., Dkt. 41).

The Court agrees that whether Plaintiff's disabilities render her unable to perform essential functions raises serious questions of facts that are inappropriate for the motion to dismiss stage. "The essential functions inquiry is a factual question, not a question of law." *Brown v. Smith*, 827 F. 3d 609, 613 (7th Cir. 2016). The essential functions inquiry includes questions as to what tasks the Plaintiff can perform, how their disabilities may affect those tasks, whether a given function is genuinely essential, whether an accommodation is reasonable, and whether the plaintiff could perform the function with that accommodation. All of these are questions that require the Court to delve into the facts of the case. *See, e.g.*, *Kennedy v. Dresser Rand Co.*, 193 F.3d 120 (2d Cir. 1999) ("[T]he question of whether a proposed accommodation is reasonable is fact-specific and must be evaluated on a case-by-case basis.") (cleaned up). Defendant claims, for example, that the "duties of a CPS Special Investigator are well known." (3d. Mot. Dismiss, Dkt. 40, at 3). But whether a duty of a job is well known differs from whether it is essential. And whether that duty is essential requires the Court to consider the specific facts of the case and the job. At the motion to dismiss stage, when the Court views the pleading in the light most favorably to plaintiffs, these factual considerations are premature.

Instead, the appropriate standard for the essential functions test at the motion to dismiss stage is simply whether Plaintiff has pled facts which satisfy the *Twombly* and *Iqbal* standard. Here,

6

this means that Plaintiff's complaint only needs contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" that she could perform the essential functions of her job. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff has met her burden in this regard. She has pled that she is a "qualified individual," which is a standard that includes the ability to perform a job's essential functions. (3d. Am. Compl., Dkt. 33, at 7). She has alleged that she could have been given a caseload consistent with her non-disabled coworkers. (*Id.* at 6). Viewed in the light most favorable to Plaintiff, it was a reasonable accommodation to give Plaintiff a caseload no lighter than those of her coworkers. Likewise, Plaintiff alleges that she worked for Defendant for nine months after returning from sick leave. (*Id.* at 5). At this stage of the litigation, a period of employment for nine months supports the plausible inference that she was performing the core functions of her job.

  To contest this pleading, Defendant argues that Plaintiff's stated disabilities describe a person who could not plausibly have performed the essential functions of an investigator. (3d. Mot. Dismiss, Dkt. 40, at 3). Defendant argues, "Given Plaintiff's description of her ailments, it is difficult to envision any reasonable accommodation that would allow her to meet the demands of the job and not put children at risk." (*Id.*). But this is not the applicable standard at the motion to dismiss stage. The question is whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff has stated facts that plausibly suggest she could have performed her job with reasonable accommodations. Defendant contends that Plaintiff's condition is so disabling that it renders her unable to perform her job's essential functions. This position not only requires the Court to delve into the facts of the case, it requires the Court to draw inferences *against* the Plaintiff. The 12(b)(6) standard suggests courts do the exact opposite. *Id.* Plaintiff has plausibly alleged she can perform her job's essential functions even with her disability, and it would be premature to hold otherwise at this stage of the litigation

In response, Defendant cites several cases where courts have dismissed a complaint under the essential functions test at the motion to dismiss stage. Defendant's appendix includes various cases where federal courts have handled the essential functions inquiry at the motion to dismiss stage. (Def.'s Reply, Dkt. 41-1). Indeed, as shown by these cases, there is no general rule that courts cannot consider the essential functions inquiry under a 12(b)(6) motion. Still, in each of Defendant's citations, it is clear that the Plaintiff failed to plead they were a qualified individual. In *Cramer v. State of Fla.*, 117 F.3d 1258 (11th Cir. 1997), two of the plaintiffs failed to plead that they were qualified individuals, while the third explicitly stated that he could not perform the essential functions of his job. Likewise, the plaintiff in *Violette v. Int'l Bus. Machines Corp.*, 962 F. Supp. 446 (D. Vt. 1996), aff'd, 116 F.3d 466 (2d Cir. 1997), stated outright that he quit because his job was "impossible to perform." The same is true *in Saunders v. Galliher & Huguely Assocs., Inc.*, 741 F. Supp. 2d 245, 349 (D.D.C. 2010), where the plaintiff explicitly plead that he could not perform the job's essential functions that he himself plead in the complaint. In *Blackburn v. Trustees of Guilford Tech. Cmty. Coll.*, 733 F. Supp. 2d 659, 664 (M.D.N.C.), the district court dismissed the Plaintiff's claims because she failed to allege she was a qualified individual, meaning the court could not "infer" that element of her claim.[2] In *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616 (D. Md. 2014), the court dismissed an ADA claim because plaintiff's complain contained "threadbare recital[s]" without alleging any facts to support their conclusory claim.

In short, the court in each of these cases dismissed the plaintiffs' claims because of a pleading deficiency. Either the plaintiff had explicitly stated that they could not perform those functions, or they failed to plead that they were a qualified individual with any non-conclusory

---

[2] Defendant states that the court in *Blackburn* found that the plaintiff's "allegations make it impossible that she was a 'qualified individual' who could perform the essential functions of her job." (Def.'s Reply, Dkt. 41-1, at 2). In fact, this is what the defendant in *Blackburn* argued—not what the district court itself held. *See Blackburn v. Trustees of Guilford Tech. Cmty. Coll.*, 733 F. Supp. 2d 659, 664 (M.D.N.C.) ("*GTCC argues that* Blackburn's allegations make it implausible that she was a 'qualified individual' who could perform the essential functions of her job.") (emphasis added).

8

statements. Neither of these is applicable to Plaintiff's complaint. Repeatedly, Plaintiff has pled facts which plausibly show that she could perform the essential functions of her job with or without reasonable accommodations. At no point does Plaintiff state that she was not a qualified individual, nor that she was unable to perform any essential functions of the job. Thus, Plaintiff's complaint can be readily differentiated from those in the cases cited by Defendant.

Finally, Plaintiff plausibly alleges a set of facts showing that the Defendant failed to engage in the interactive process. (3d. Am. Compl., Dkt. 33, at 6); *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009) ("When an employer does not engage in a good faith interactive process, that employer violates the ADA."). Plaintiff alleges that she "desired and sought" an accommodation from Defendant that would allow her to perform the job. Defendant argues that, by offering alternative positions to Plaintiff, they engaged in the interactive process. (3d. Mot. Dismiss, Dkt. 40, at 6). But this does not address the argument, presented in Plaintiff's complaint, that Defendant failed to identify reasonable accommodations at her current position. (3d. Am. Compl, Dkt. 33, at 6). The interactive process should "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3). By alleging that Defendant only offered to compete with other positions, Plaintiff has plausibly alleged a failure to engage in the interactive process, such as identifying the precise limitations of the disability, as defined by federal regulations.

Based on her complaint, the "Defendant failed to engage in an interactive process" by only offering to let her compete with other employees for reassignment. At the motion to dismiss stage, the Court accepts this fact as true. *Iqbal*, 556 U.S. at 678. If Defendant did not engage in the interactive process, then Plaintiff could not have learned what reasonable accommodations existed to let her perform her job. The purpose of the interactive process is to allow the employee and employer to discuss potential accommodations. 29 C.F.R. § 1630.2(o)(3). But when the employer

fails to engage in the interactive process, the employee will necessarily be limited in identifying potential accommodations. It would be unjust to force a plaintiff to identify specific reasonable accommodations at the motion to dismiss stage when the Defendant is responsible for the breakdown of the very process designed to identify such accommodations.

### B. *Solely* on the Basis of Disability

Defendant next argues that Plaintiff failed to allege discrimination because her complaint does not include the word "solely." (3d. Mot. Dismiss, Dkt. 40, at 7). *See Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008) (stating that the "solely by reason of" language is the correct standard for determining whether a violation of Section 504 has occurred). This argument was already addressed in the report and recommendation regarding Defendant's second motion to dismiss, and the Court sees no reason to deviate from that opinion's reasoning. (R. & R., Dkt. 26, at 6). Plaintiff's complaint omits the word "solely" because it also alleges that "she was terminated based on her disability and due to Defendant's failure to accommodate her disability." (3d. Am. Compl., Dkt. 33, at 6). It is evident from the wording of the complaint that "solely" is absent only because Plaintiff blames her termination on the failure to accommodate in addition to her disability. But the failure to accommodate stems directly from her disability, and Plaintiff does not allege any other causes for why she was fired. Thus, Plaintiff's complaint makes clear that her disability was the "sole" cause of her termination.

### IV. CONCLUSION

For these reasons, the Court **IT IS ORDERED** that Defendant's motion to dismiss, (Dkts. 38, 40), is **DENIED**.

**SIGNED** on December 29, 2022.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE